THOMAS N, ADKINS, ADMINISTRATOR AD PROSEQUENDUM, PLAINTIFF, v. PHILADELPHIA, TRENTON AND CHESTER COMPANY, DEFENDANT.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Clarence E. Case.*

*Contra, Frederick A. Pope.*

PER CURIAM.

This is an automobile accident case. The decedent, Adkins, was an employe of one Cordrey. The accident which caused his death occurred while he and his employer were returning from New York in a truck which was being driven by the

latter. The decedent was asleep in the rear of the truck. Both parties lived near Delmar, a town on the boundary line separating the southerly part of the State of Delaware from the State of Maryland. They left that place on the 4th of August, 1927, with a load of produce to be delivered in New York. They traveled all day, reaching New York at about eleven o'clock at night. Upon reaching their destination they discharged their load, and half an hour later started on their journey home. At a point on the Lincoln Highway near New Brunswick their truck collided with a truck owned by the defendant corporation.

The principal question for determination was whether the accident was the result of the carelessness of the driver of the defendant's truck, or that of Cordrey, or the concurrent negligence of the two. Our examination of the proofs leads us to the conclusion that the accident was solely the result of negligence on the part of Cordrey. By his own admission, made to at least two disinterested witnesses almost immediately after the occurrence of the accident, he had fallen asleep in the truck and did not wake up until almost the moment of the collision. The great preponderance of the evidence clearly supports the conclusion that the driver of the defendant's truck was traveling on the right-hand side of the road; that he saw the plaintiff's truck approaching, wabbling from one side of the road to the other; that as it got near to him it suddenly swung straight at him; that in order to avoid a head-on collision he undertook to pass it on the left, whereupon the other truck suddenly changed his course and almost immediately smashed into that of the defendant.

The verdict of the jury being contrary to the great weight of the evidence, the rule to show cause will be made absolute for that reason.